[Cite as *Nunn v. Ohio Dept of Ins.*, 2016-Ohio-279.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Gary L. Nunn, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-740 |
| v. | : | (Ct. of Cl. No. 2014-879) |
| Ohio Department of Insurance, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 26, 2016

*Gary L. Nunn*, pro se.

*Michael Dewine*, Attorney General, *James P. Dinsmore,* and *Timothy M. Miller*, for appellee.

APPEAL from the Court of Claims of Ohio

TYACK, J.

{¶ 1}  Gary L. Nunn filed a lawsuit in the Court of Claims of Ohio in which he named the Ohio Department of Insurance ("ODI") as a defendant.  A judge in the Court of Claims dismissed the lawsuit, finding that the complaint in the lawsuit did not state a claim upon which relief could be granted. Nunn has appealed from the trial court's finding assigning eight errors for our consideration:

> [I.] THE COURT ERRED BY NOT EXAMINING ALL OF THE DOCUMENTS THAT WERE SENT TO THE DEPARTMENT OF INSURANCE 40 LETTERS AND 37 CERTIFIED LETTERS.
>
> [II.] THE COURT ERRED BY NOT ALLOWING THE PLAINTIFF A JURY TRIAL WHICH WAS FILED FOR BY THE PLAINTIFF.

[III.] THE COURT ERRED BY KNOWING THE PLAINTIFF IN THIS MATTER FILED 3 LETTERS TO REQUEST A HEARING IN FRONT OF THE SUPERINTENDENT OF INSURANCE AS FOR THE GUIDE LINES AND JOB DESCRIPTION OF THE DEPARTMENT OF INSURANCE (WHEN AS AN INSURER IS NOT SATISFIED WITH THE OUT COME OF AN INSURANCE MATTER THE INSURER HAS A RIGHT TO FILE A MOTION AND BE HEARD IN FRONT OF THE SUPERINTENDENT OF INSURANCE LT. GOVERNOR MARY TAYLOR). THE PLAINTIFF WAS DENIED THE RIGHT TO BE HEARD IN THE MATTER.

[IV.] THE COURT ERRED BY NOT ALLOWING THE PLAINTIFF IN THIS MATTER TO FILE A MOTION OF ADMISSION AS TO THE PROCEDURE RULE 36 AND 26 (B). THE MOTION WAS FILED BUT THE COURT WOULD NOT ACCEPT THE MOTION AND SENT IT BACK TWO TIMES.

[V.] THE COURT ERRED BY NOT TAKING INTO THE CONSIDERATION OF THE MOTION FILED BY THE PLAINTIFF IN THIS MATTER 12 DAYS AFTER A JUDGMENT WAS RENDERED. THIS MOTION WAS FILED BY THE PLAINTIFF IN THIS MATTER AND WAS FILED ON JUNE 25, 2015. THIS MOTION CONTAINED 18 EXHIBITS THAT CLEARLY SHOWED THE COURT THAT THERE WERE IRREGULARITIES AND IMPROPRIETIES IN THE BILLING OF THE REPAIRS AND OTHER ISSUES THAT WERE NOT CORRECT IN THE HANDLING OF TSHES [sic] MATTER BY THE DEPARTMENT OF INSURANCE AND THREE INSURANCE COMPANIES MOTOROISTS MUTUAL, GEICO, AND WESTFILED.

[VI.] THE COURT ERRED BY NOT ALLOWING THE PLAINTIFF'S MOTION TO PRESENT ADDITIONAL EVIDENCE TO THE COURT ON JULY 15, 2015. THE MAGISTRATE IN THE MATTER ENTERED A DECISION THAT THE MOTION WAS (MOOT). WHEN THE PLAINTIFF FILED THIS MOTION HE WAS NOT AWARE THAT THE JUDGE IN THE MATTER WOULD FILE HIS DECISION ONLY 2 DAYS LATER. THE PLAINTIFF FEELS THAT THE MAGISTRATE SHOULD NOT BE ALLOWED TO MAKE A DECISION IN THIS MATTER HAD A JUDGE ASSIGNED TO THIS CASE HAD MADE A DECISION IN THIS MATTER. THE DECISION IN THE MATTER THAT MAGISTRATE MADE DID NOT HAVE THE JUDGES NAME

OR SIGNATURE AND SHOULD NOT HAVE BEEN ALLOWED BY THE COURT.

[VII.] THE COURT ERRED IN THIS MATTER BY ALLOWING THE DEPARTMENT OF INSURANCE TO ALLOW MOTORISTS MUTUAL INSURANCE COMPANY TO DISCRIMINATE AGAINST THE PLAINTIFF BY HAVING THE PLAINTIFF TAKE A PHYSICAL DUE TO AGE 70. THE ACCIDENT IN THIS MATTER HAPPENED ON SEPTEMBER 18, 2013. THE INSURANCE COMPANY WAITED 7 MONTHS AFTER THE ACCIDENT AND AFTER THE PLAINTIFF TURNED 70, NOT FEBURARY 24, 2014 TO TAKE THE PHYSICAL. THIS IS TRULY AGE DISCRIMINTION AND THE DOCUMENT STATED ABOUT PHYSICAL LIMITATIONS. THE PLAINTIFF PASSED THE PHYSICAL AND 2 MONTHS LATER, MOTORISTS MUTUAL INSURANCE COMPANY CANCELLED THE PLAINTIFF'S POLICY AND SOME OF THE CLAIMS ON THE CANCELLATION LETTER WERE NOT VALID.

[VIII.] THE COURT ERRED AS THE COURT WAS INFORMED WITH DOCUMENTS FROM THE PLAINTIFF THAT NOW MOTORISTS MUTUAL INSURANCE COMPANY CANCELLED THE PLAINTIFF'S HOME OWNERS INSURANCE STATING THE PLAINTIFF DID NOT LIVE IN THE HOME. THE PLAINTIFF IN THE MATTER IS A DISABLED VIETNAM VETERAN AND HAS A VA LOAN AND IN THIS LOAN IT STATES THE VETERAN MUST RESIDE AND MAINTAIN THE HOME AND THE PLAINTIFF DOES.

{¶ 2} Nunn's complaint in the lawsuit centers on allegations that the ODI failed to investigate complaints he had about different insurance companies. He alleged that he communicated his complaints to the ODI in a series of letters.

{¶ 3} The complaint that Nunn filed in the Court of Claims does not provide any details about the accident other than the fact that the accident occurred on September 18, 2013. Nunn alleged that he did not receive a traffic ticket as a result of the accident.

{¶ 4} Nunn complained that his insurance company, Motorists Mutual, paid out a significant amount of money as a result of the accident. The court complaint does not say to whom the money was paid.

{¶ 5} The court complaint alleges that Geico destroyed the car involved in the accident. Westfield Insurance allegedly represents Ford Motor Company "where the automobile was serviced before the accident" (Complaint, 12). With no information about how the accident occurred, the significance of the allegation is difficult to determine. Clearly, the complaint states no basis for a legitimate claim against either Geico or Westfield Insurance such that the ODI needed to investigate the companies.

{¶ 6} Nunn also alleged that Motorists Mutual had discriminated against him because he had reached the age of 70. He acknowledged that the request for a physical examination was made after the collision. He did not address whether Motorists Mutual had an obligation to pay medical expenses or had liability under uninsured motorists coverage. He also did not consider the possibility that Motorists Mutual had a right not to renew his insurance coverage after the accident or other factors showed that he had deteriorated physically or mentally. He alleged in the court complaint that he was a disabled Vietnam veteran suffering from post-traumatic stress disorder.

{¶ 7} In the court complaint, he alleged that the ODI had communicated with him and told him he did not qualify for a hearing before the superintendent of insurance. Thus, ODI considered his situation and made a determination that a formal hearing in his grievances was not warranted.

{¶ 8} In short, ODI considered Nunn's situation, but did not provide the relief he was hoping to receive.

{¶ 9} The law of Ohio provides avenues for relief, such as writs of mandamus and administrative appeals. The law of Ohio does not make a governmental agency financially liable for reaching a resolution which does not satisfy a complaining citizen. The Court of Claims recognized this and granted judgment accordingly. The court specifically referenced some of the voluminous case law which indicates that a state agency is generally immune from liability for the performance or nonperformance of a public duty.

{¶ 10} With this background, we address the eight assignments of error in Nunn's brief.

{¶ 11} The documents Nunn mentions were not provided with the pleadings so were not before the court when the Court of Claims ordered the dismissal. We cannot fault that court for failing to consider documents not yet provided to it.

{¶ 12} The first assignment of error is overruled.

{¶ 13} Nunn did not show he had a claim worthy of a trial. Hence, he was not automatically entitled to a jury trial.

{¶ 14} The second assignment of error is overruled.

{¶ 15} The fact Nunn requested a formal hearing at the ODI did not mean he had a complaint worthy of a formal hearing.

{¶ 16} The third assignment of error is overruled.

{¶ 17} Nunn seems to confuse a request for admissions under Civ.R. 36 with motions on discovery matters. As a result, the clerk of the Court of Claims did not have to docket a document entitled "Motion of Admissions." The clerk correctly returned the motion.

{¶ 18} The fourth assignment of error is overruled.

{¶ 19} The Court of Claims did not have to consider documents filed after judgment had been entered.

{¶ 20} The fifth assignment of error is overruled.

{¶ 21} The Ohio Rules of Civil Procedure allow for cases to be referred to magistrates to conduct proceedings. A court entry allowing such proceedings before a magistrate was filed in the case. The magistrate had the right to refuse additional filings, especially since the issue before the court was the sufficiency of the complaint.

{¶ 22} The sixth assignment of error is overruled.

{¶ 23} The Court of Claims did not allow the ODI to discriminate. The court merely held that the pieces of paper Nunn filed did not state a claim for relief.

{¶ 24} The seventh assignment of error is overruled.

{¶ 25} The eighth assignment of error states a new claim which was not fully before the trial court nor apparently before the ODI. The new claim is that Nunn's insurance was not cancelled due to his age, but due to the alleged fact the Nunn no longer lived in the insured property. We are not in a position to prove or disprove Nunn's residence. Neither was the ODI able to address that.

{¶ 26} The eighth assignment of error is overruled.

{¶ 27} All eight assignments of error are overruled. The judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur